IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Yehochanan Abijah, | ) | C/A No. 3:23-cv-02818-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Anthony Dennis; Oneishia Dinkins-Washington; Bronwyn McElveen; Ernest Finney, III; Bryan Kieth Griffin, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on review of the Report and Recommendation (the "Report") issued by United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C). [ECF No. 15.] Because Plaintiff is a prisoner, the magistrate judge screened his complaint pursuant to 28 U.S.C. § 1915A(a). *Id*. at 3–4. This required screening charges the court to identify cognizable claims or to dismiss the complaint if it is frivolous, malicious, or fails to state a claim, or if it seeks monetary relief from defendants afforded immunity from such relief. 28 U.S.C. § 1915A(b).

## PROCEDURAL BACKGROUND

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed his amended complaint raising claims pursuant to the Fourth, Fifth, and Sixth Amendments though he did not specify which provision of each amendment formed the basis of his claims. [ECF No. 12.] The magistrate judge construed the amended complaint as raising Plaintiff's constitutional claims pursuant to 42 U.S.C. § 1983 in addition to a state law defamation claim against Defendant Dennis. [ECF No. 15.]

1

On August 18, 2023, the magistrate judge issued the Report. [ECF No. 15.] In the Report, the magistrate judge recommends this case be summarily dismissed without issuance and service of process. *Id.* Plaintiff filed objections to the Report as well as a supplement. [ECF Nos. 17 & 20.] Thus, the matter is ripe for review by this court.

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious claims.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

As explained in the Report, Plaintiff's claims arising under § 1983 are either barred because the defendants are entitled to immunity or are subject to dismissal because they fail to state a claim upon which relief can be granted.  *See* ECF No. 15 at 4–8.  Plaintiff's objections do not identify any error in the Report, but those objections demonstrate Plaintiff disagrees with some of the magistrate judge's reasoning.  Largely, Plaintiff's objections consist of recitations of case quotations and legal authorities, in addition to restatements of and supplements to the allegations in his amended complaint.  *See* ECF No. 17.  Here, the court liberally construes Plaintiff's objections and addresses them below.

In his objections, Plaintiff challenges the application of judicial immunity as well as prosecutorial immunity to the facts of his case.  [ECF No. 17 at 3.]  Plaintiff includes a paragraph of various cases and direct quotations.  [ECF No. 17 at 3–4.]  However, Plaintiff misquotes the law, relies on standards that are no longer good law, and cites inapplicable authority.  [ECF No. 17 at 3–4.]  For example, Plaintiff quotes two South Carolina statutes that do not apply to questions of immunity concerning federal claims under § 1983.  [ECF No. 17 at 4.]  As explained in the Report, solicitors and state magistrates are immune from § 1983 suits for actions taken in their

respective roles in the judicial process. *See* ECF No. 15 at 4–5. To the extent these recitations of law can be construed as objections, they are overruled.

Plaintiff's claims against Defendant Griffin, a state magistrate, concern his issuance of a warrant. [ECF No. 12 at 1.] It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. See *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Therefore, absolute immunity applies in this case. Defendant Griffin is entitled to judicial immunity, and Plaintiff's objections are overruled.

As to Plaintiff's claims against the two prosecutors, Defendants McElveen and Finney, III, the only allegations against those defendants arise out of the prosecution of Plaintiff. [ECF No. 12 at 2.] "Solicitors are immune from § 1983 claims where their challenged actions are 'intimately associated with the judicial phase of the criminal process.'" *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018). Therefore, Defendants McElveen and Finney, III are immune from these claims. Plaintiff's objections are thus overruled.

Next, the magistrate judge explained in the Report that, under the South Carolina Tort Claims Act, Plaintiff is unable to bring a state law defamation claim in federal court without consent by the State. *See* ECF No. 15 at 5–6. Plaintiff does not object to that finding. Nor does he offer any explanation as to how his defamation claim could be properly brought here. The court agrees with the magistrate judge that this claim must be dismissed.

Lastly, as explained in the Report, Plaintiff's claims against Defendant Dinkins-Washington are construed as raising a § 1983 malicious prosecution claim. [ECF No. 15 at 6.] The magistrate judge found that Plaintiff failed to allege sufficient facts to state a claim upon which relief can be granted. *See* ECF No. 15 at 6–7. In the objections, Plaintiff does not challenge this finding but merely recites the same language from his amended complaint. [ECF No. 17 at 1–2.]

4

Plaintiff's objections fail to cure the deficiencies identified in the Report.  Because Plaintiff fails to state a claim upon which relief can be granted as to Defendant Dinkins-Washington, Plaintiff's objections are overruled, and those claims are dismissed.

Additionally, the court reviewed Plaintiff's supplement to the objections in which he expressed concerns about standing and the record regarding his citizenship status.  [ECF No. 20.] Plaintiff also included an affidavit of truth and facts for constructive judicial notice of citizenship. [ECF No. 20–1.]  This supplement does not include any objections to the Report and does not change the court's analysis.  The concerns Plaintiff raises about his citizenship status are not properly brought in this action.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report.  After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 15, in its entirety.  As a result, this case is **SUMMARILY DISMISSED WITHOUT ISSUANCE and SERVICE OF PROCESS**.

**IT IS SO ORDERED.**

April 2, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge